IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3012-F

| | |
|---|---|
| RONALD D. BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| JUDGE LENIE M. BRINKEMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On January 12, 2015, Plaintiff filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-7], and the matter is now before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motions to amend [DE-19, 20, 22] are also before the court.

The court begins with Plaintiff's motions to amend his complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). Defendants have not yet been served in this matter, and therefore have not filed a responsive pleading. Accordingly, Plaintiff's motions to amend [DE-19, 20, 22] are ALLOWED. <u>Scinto v. Stansberry</u>, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute." (quotation omitted)).

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). Examples of such claims, the Supreme Court has said, are those "describing fantastic or delusional scenarios," or claims which are otherwise

2

manifestly "fanciful" or so wholly irrational as to lack any basis in fact. Id. at 32-33 (citing Neitzke, 490 U.S. at 328).

Here, Plaintiff's are too fantastic, delusional, and fanciful to survive review. An excerpt of Plaintiff's rambling complaint reads as follows:

> I am suing the US Attorney General, the court judge, two of her assit. district attorneys for false charges, a illegal grand jury indictment, illegal [trial], illegal sentencing, [and] illegal sentencing . . .
>
> I am suing the 3 judges and clerk aiding and abetting with I believe "KKK" Leonie M. Brinkema's ruling! Which was in violation of the 4th Amendment (Illegal Seizure) and the fruit of the poisonous tree evidence doctrine for my lawsuits are for the individual not general! I want this to be known to my jury! Each person 90,000,000, dollars for making me a modern day "slave" for 13 years of slavery in modern day time! Per year for 13 years in "FBOP"! I can sue the Supreme Court, too, but I will let my lawyers handle that for more money!!!

Compl. [DE-1], p. 1.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78; Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); Cook v. Kraft Foods Global, Inc., 184 F. App'x 348, at *1 (4th Cir. June 8, 2006) ("[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendants.") (citation omitted).

3

Additionally, a plaintiff asserting a Bivens claim must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2008); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Here, Plaintiff's allegations are random, nonsensical, and clearly are baseless. If any of the allegations are not construed as delusional, they are merely legal terminology and not actionable because the claims have no factual support.

Moreover, a plaintiff cannot recover monetary damages for alleged constitutional violations when such recovery would imply the invalidity of an underlying conviction unless he can "prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Omar v. Chasanow, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished) (collecting cases); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Plaintiff's claim for damages relies on the invalidity of his conviction. Because Plaintiff's conviction has not been overturned or otherwise invalidated, his efforts to recover damages fail.

Furthermore, even if his claims were not frivolous, Plaintiff seeks monetary relief against defendants who are immune from such relief. As noted above, Plaintiff names "the court judge" as a defendant. Compl. [DE-1], p. 1. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial

4

jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Likewise, Plaintiff names "two [assistant] district attorneys" as defendants. Compl. [DE-1], p. 1. Prosecutors are absolutely immune from suit for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Finally, Plaintiff's incoherent complaint fails to make any substantive allegations against virtually any of the remaining defendants.[1]

In sum, for the aforementioned reasons, Plaintiff's motions to amend [DE-19, 20, 22] are ALLOWED and his claims are DISMISSED. The clerk of court is DIRECTED to close this case.

SO ORDERED. This the 5 day of October, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] In his complaint, Plaintiff names, *inter alia*, the United States Attorney General, "VA State and Federal Governments", two agents of the Federal Bureau of Investigation, the Federal Bureau of Prisons, and a Fourth Circuit Judge as Defendants. Compl. [DE-1].

5